UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RAUL MARTINEZ, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. H-10-1619 |
| | § | |
| MICHAEL J SCOTT, PC, *et al*, | § | |
| | § | |
| Defendants. | § | |

**OPINION AND ORDER**

Pending before the Court is Defendants Michael J. Scott, P.C., Michael J. Scott, individually (together, "Scott"), and Judith Morgan's ("Morgan") Motion to Dismiss (Doc. 22), as well as Plaintiff Raul Martinez's ("Martinez") Response (Doc. 23) and Scott and Morgan's Reply (Doc. 25). Also before the Court is Defendant Capital One Bank (USA) N.A.'s ("Capital One") Motion to Dismiss and Joinder in Rule 12(b)(1) Motion to Dismiss (Doc. 24), as well as Martinez's Response (Doc. 26) and Capital One's Reply (Doc. 27). Upon review and consideration of these motions, the responses, and replies thereto, the relevant legal authority, and for the reasons explained below, the Court finds that Defendants' motions to dismiss should be granted.

I. Background and Relevant Facts

This is a debt collection case. Plaintiff Martinez alleges that Defendant Capital One hired an attorney, Defendant Scott, to collect on a credit card account. (Pl.'s Compl. ¶ 15.)

Plaintiff Martinez admits he has made no payments since at least April 22, 2009. (*Id.* ¶ 27.)

On May 7, 2009, Scott sent Martinez a demand letter stating that he owed $7,068.52 on his credit card account. (Pl.'s Ex. 1, Doc. 1-1.)

On August 28, 2009, Scott filed suit on behalf of Capital One against Martinez in the Justice of the Peace Court for Precinct 2, Place 2, in Harris County, Texas, under cause number CV22C0026781. (Pl.'s Compl. ¶ 21.) The original petition in that case claimed a principal balance of $4,743.82 and interest of $2,609.81 through July 23, 2009, for a total of $7,353.63, and was signed by Defendant Morgan on behalf of Defendant Michael J. Scott, P.C. (*Id.* ¶¶ 22–25.)

According to his credit report, in October 2009, Martinez owed $5,145.00 to Defendant Capital One. (*Id.* ¶ 29.)

On or about December 11, 2009, Capital One filed its first amended petition in cause number CV22C0026781. (*Id.* ¶¶ 30–31.) The amended petition claimed that as of July 23, 2009, Martinez's principal balance was only $2,589.45 plus interest of $2,402.98, for a total delinquency of $4,992.43. (*Id.* ¶ 32.) Put another way, Capital One's first amended petition claimed a delinquency of $2,361.20 less than its original petition. Martinez countersued for violations of the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Texas Debt Collection Act ("TDCA"), Texas Finance Code § 392 *et seq.*

On December 17, 2009, Scott provided an affidavit from Capital One dated May 26, 2009, showing that as of April 22, 2009, Martinez owed $4,806.47 plus interest from that date. (*Id.* ¶ 26.)

On January 26, 2010, Capital One made an offer of settlement to Martinez to dismiss its claims and settle Martinez's counterclaim for $1,000.00 in damages plus attorneys' fees of $2,000.00. (Doc. 23-2.) Martinez did not accept the offer.

On May 5, 2010, Martinez filed this suit against Defendants Scott, Morgan, and Capital One for violations of the FDCPA and the TDCA, seeking damages and injunctive relief.

(Doc. 1.)

On November 10, 2010, Scott made an Offer of Judgment pursuant to Fed. R. Civ. P. 68 to settle this case for $1,500.00 in damages plus costs, "fees actually paid in the prior lawsuit upon proof of payment prior to the initiation of the current litigation," and "fees in the present lawsuit to be determined by agreement of the parties or court order." (Doc. 22 at 30–31.) Martinez did not accept the offer.

Defendants now move to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(6), 12(c), and 68. (Docs. 22 and 24.)

II. Standard of Review

Rule 12(b)(1) of the Federal Rules of Civil Procedure authorizes the filing of a motion to dismiss a case for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A lawsuit must be dismissed for lack of subject-matter jurisdiction "when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (internal quotation omitted). The party seeking to litigate in federal court bears the burden of establishing subject-matter jurisdiction. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)).

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the filing of a motion to dismiss a case for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of its entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation

omitted). A plaintiff must allege sufficient facts to state a claim to relief that is "plausible" on its face. *Id.* at 569. A claim is facially plausible when a "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556).

It is the court's responsibility to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success. *Id.* However, conclusory allegations and unwarranted factual deductions will not suffice to avoid a motion to dismiss. *United States ex rel. Willard v. Humana Health Plan of Tex., Inc.*, 336 F.3d 375, 379 (5th Cir. 2003). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557) (internal quotations omitted). In ruling on a Rule 12(b)(6) motion, "courts must limit their inquiry to the facts stated in the complaint and the documents either attached to or incorporated in the complaint." *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996).

III. Discussion

Martinez argues that both motions to dismiss were untimely. Federal Rule of Civil Procedure 12(b) requires that a "motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). Scott and Morgan filed their Motion to Dismiss on December 30, 2010, more than two months after filing their Answer on October 15, 2010. (Docs. 22 and 9, respectively.) Capital One's Motion to Dismiss was filed on January 21, 2011, more than two months after filing its Answer on November 12, 2010. (Docs. 24 and 14, respectively.) Defendants Scott and Morgan concede that their motion to dismiss was late. (Defs.' Reply to Pl.'s Resp. to Defs.' Mot. to Dismiss ¶ 1, Doc. 25.)

Although Rule 12(b) motions must technically be made before a responsive pleading, "[a]n untimely Rule 12(b)(1) motion will be treated as a 'suggestion' that the court lacks jurisdiction." *Admiral Ins. Co. v. Heath Holdings USA, Inc.*, No. 3:03-CV-1634-G, 2005 WL 3500286 at *3 (N.D. Tex. Dec. 21, 2005) (citing 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1350 (3d. ed. 2004)). Because subject-matter jurisdiction may be raised by any party at any time, this motion is properly before the Court under Rule 12(h)(3). *Id.*; *see also Augustine v. U.S.*, 704 F.2d 1074, 1075 n.3 (9th Cir. 1983).

Rule 12(h)(2) also states that the defense of "[f]ailure to state a claim upon which relief can be granted . . . may be raised . . . by motion under Rule 12(c)." Fed. R. Civ. P. 12(h)(2). Thus, Scott's late Rule 12(b)(6) motion can be viewed as a Rule 12(c) motion for judgment on the pleadings raising the defense of failure to state a claim upon which relief can be granted. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999) (citing *Republic Steel Corp. v. Pa. Eng'g Corp.*, 785 F.2d 174, 182 (7th Cir. 1986)). Under Rule 12(c), the Court applies the same standard for a Rule 12(b)(6) motion. *See Frey v. Bank One*, 91 F.3d 45, 46 (7th Cir. 1996); *Turbe v. Gov't of the V.I.*, 938 F.2d 427, 428 (3d Cir. 1991); *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 11 (6th Cir. 1987).

Defendants argue that Martinez's case has been rendered moot by their Offer of Judgment. (Defs.' Mot. to Dismiss ¶ 7, Doc. 22; *see* Doc. 22 at 30–31.) Fed. R. Civ. P. 68 allows a defendant to make an offer of judgment that equals or exceeds the maximum amount of money, including any attorneys' fees or court costs, that the law would entitle the plaintiff to recover were he to prevail in the suit. *Wrightsell v. Cook County, Illinois*, 599 F.3d 781, 783 (7th Cir. 2010). If the plaintiff refuses such an offer, the court loses jurisdiction because the plaintiff would have nothing to gain by continuing to litigate. *Id.* Essentially, an offer of complete relief

moots the plaintiff's claim. *Weiss v. Regal Collection*, 385 F.3d 337, 340 (3d Cir. 2004); *Rand v. Monsanto Co.*, 926 F.2d 596, 598 (7th Cir. 1991) ("Once the defendant offers to satisfy the plaintiff's demand, there is no dispute over which to litigate and a plaintiff who refuses to acknowledge this loses outright, under Fed. R. Civ. P. 12(b)(1), because he has no remaining stake." (internal citations omitted)).

Scott made an Offer of Judgment to settle this case for $1,500.00 in damages plus costs, "fees actually paid in the prior lawsuit upon proof of payment prior to the initiation of the current litigation" and "fees in the present lawsuit to be determined by agreement of the parties or court order." (Doc. 22 at 30–31.)

Martinez acknowledges that his statutory damages under the FDCPA are capped at $1,000.00. (Pl.'s Compl. ¶ 3.) However, Martinez responds that Defendants Michael J. Scott, P.C. and Michael J. Scott, individually, have both conceded they are debt collectors for the purposes the FDCPA, and therefore that he might recover $1,000.00 from each, in addition to a further $1,000.00 from Defendant Judith Morgan. (Pl.'s Resp. to Defs.' Mot. to Dismiss ¶ 10, Doc. 23 (erroneously arguing that Defendant Judith Morgan conceded she was a "debt collector" under the FDCPA in her Answer ¶ 14, Doc. 11); Defs.' Answer ¶¶ 12–14, Docs. 9, 11, and 14.) Martinez also seeks "reasonable attorney fees, and the costs of this action" including "defense costs from the state court case," as well as "actual damages resulting from any violations of the [TDCA § 392.403(a)(2)]" and "attorney fees for proving a violation of the [TDCA § 392.403(b)]." (*Id.* ¶¶ 63–68.)

The language of the statute defines the limits of Defendants' liability:

> Civil liability
>
> (a) Amount of damages
> Except as otherwise provided by this section, any debt collector who fails

> to comply with any provision of this title with respect to any person is liable to such person in an amount equal to the sum of--
>
> (1) any actual damage sustained by such person as a result of such failure;
>
> (2)(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000;

15 U.S.C. § 1692k. Martinez interprets this law to mean that he can recover $1,000.00 from each individual Defendant, but cites no case law to support this reading. (Pl.'s Resp. to Defs.' Mot. to Dismiss ¶ 11, Doc. 23; Pl.'s Resp. to Def. Capital One's Mot. to Dismiss ¶¶ 8–9, Doc. 26.)

Courts interpreting this provision have explained that, under the FDCPA, "recovery of additional damages is limited to $1,000 per proceeding, rather than $1,000 per violation of the Act." *Harper v. Better Bus. Servs., Inc.*, 961 F.2d 1561, 1563 (11th Cir. 1992) ("The FDCPA does not on its face authorize additional statutory damages of $1,000 per violation of the statute, of $1,000 per improper communication, or of $1,000 per alleged debt."); *Picht v. Hawks*, 77 F. Supp. 2d 1041, 1045 (D. Minn. 1999), *aff'd*, 236 F.3d 446 (8th Cir. 2001) ("[I]n a single collection action, the FDCPA limits damages to $1,000."); *Bishop v. I.C. Sys., Inc.*, 713 F. Supp. 2d 1361, 1368 (M.D. Fla. 2010) ("Section 1692k allows a court to award a maximum of $1,000 in statutory damages per lawsuit, regardless of how many times a defendant violates the FDCPA."); *Beattie v. DM Collections, Inc.*, 764 F. Supp. 925, 926–28 (D. Del. 1991) ("statutory damages not to exceed $1,000 in the context of 'any action by any individual'"); *White v. Bruck*, 927 F. Supp. 1168, 1169 (W.D. Wis. 1996) ("additional statutory damages are limited to $1000 per proceeding"); *Barber v. National Revenue Corp.*, 932 F. Supp. 1153, 1155 (W.D. Wis. 1996) ("[S]tatutory damages are limited for an individual plaintiff to $1,000 for each action or proceeding."); *Raimondi v. McAllister & Assocs., Inc.*, 50 F. Supp. 2d 825 (N.D. Ill. 1999); *Riley*

*v. Giguiere*, 631 F. Supp. 2d 1295, 1305 (E.D. Cal. 2009) ("FDCPA only permits statutory damages to be recovered per action…"); *Wright v. Fin. Servs. of Norwalk, Inc.*, 22 F.3d 647, 648 (6th Cir. 1994); *Peter v. GC Servs. L.P.*, 310 F.3d 344, 352 n.5 (5th Cir. 2002).

While individual plaintiffs can each recover $1,000 in statutory damages for FDCPA violations, they cannot recover this amount from each defendant. *Dowling v. Kucker Kraus & Bruh, LLP*, 2005 WL 1337442 (S.D.N.Y. June 6, 2005); *Morgan v. Account Collection Tech., LLC*, 2006 WL 2597865 at *3 (S.D.N.Y. Sept. 6, 2006) ("[S]ection 1692k(a)(2)(A) creates a ceiling that limits the damages an individual plaintiff can receive per proceeding, not per defendant."). "Even courts refusing to compel acceptance of offers have held that a 'Rule 68 offer of $1,000 plus reasonable costs and fees provided the maximum statutory relief available to [a plaintiff] individually under the FDCPA,' regardless of the presence of multiple defendants." *Morgan*, 2006 WL 2597865 at *3 (quoting *Weiss*, 385 F.3d at 340).

Finally, Martinez asks the Court to "enjoin Scott P.C. and its employees from filing any suits in Texas without first checking with the local constable to determine the proper precinct in which to file" and to "issue an injunction requiring an attorney to review the amounts sued for before signing, or allowing his or her name to be signed, to a debt collection petition in Texas." (Pl.'s Compl. at 11, Doc. 1.) The FDCPA does not provide for injunctive relief. *Weiss*, 385 F.3d at 341 (citing 15 U.S.C. § 1692k; *Bolin v. Sears Roebuck & Co.*, 231 F.3d 970, 977 n.39 (5th Cir. 2000)) ("The FDCPA contains no express provisions for injunctive or declaratory relief in private actions."). In Texas, to obtain injunctive relief a plaintiff must normally establish (1) imminent harm; (2) irreparable injury; and (3) lack of an adequate remedy at law. *West v. State*, 212 S.W.3d 513, 519 (Tex. App.—Austin 2006, no pet.). However, when a statute provides a right to injunctive relief, such as the TDCA, the statute's express language supersedes the

common law injunctive relief elements. *Marauder Corp. v. Beall*, 301 S.W.3d 813, 820 (Tex. App.—Dallas 2009, no pet.) (citing *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 210 (Tex. 2002); *West*, 212 S.W.3d at 519). Therefore, injunctive relief pursuant to the TDCA does not require proof of irreparable injury. *Marauder*, 301 S.W.3d at 820.

Martinez does not allege that he imminently threatened with suit in the wrong precinct in the future or that such a suit will allege an incorrect debt amount. Even were this to occur again, Martinez has adequate remedies at law, such as the ability to file another suit such as this one. *See Canteen Corp. v. Republic of Tex. Props., Inc.*, 773 S.W.2d 398, 401 (Tex. App.—Dallas 1989, no writ). Because Martinez fails to allege facts necessary to support the two elements required for injunctive relief pursuant to the TDCA, this claim must be dismissed. Martinez has filed suit against four alleged debt collectors for injuries arising from the attempt to collect a single debt. At trial, he could be awarded at most $1,000.00 plus attorneys' fees and costs. Therefore, Defendants Scott and Morgan's Offer of Judgment of $1,500.00 plus attorneys' fees and costs exceeded their potential liability. Martinez's refusal to accept the offer now deprives this Court of subject-matter jurisdiction.

IV. Conclusion

Accordingly, the Court hereby **ORDERS** that Defendants Michael J. Scott, P.C., Michael J. Scott, individually, and Judith Morgan's Motion to Dismiss (Doc. 22) is **GRANTED**.

The Court further **ORDERS** that Defendant Capital One Bank (USA) N.A.'s Motion to Dismiss and Joinder in Rule 12(b)(1) Motion to Dismiss (Doc. 24) is **GRANTED**.

SIGNED at Houston, Texas, this 12th day of August, 2011.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE